1815-74, Fiber Corp. v. Integrated Material Management Services Okay, would each attorney step forward, please? State your names and spell your last names, please. Good morning, Your Honors. Dan Alec on behalf of the Defendant, Integrated Material Management Services, Inc. Good afternoon, Your Honors. Joel Hamler on behalf of Shell Marketing. Okay, each get 20 minutes. You don't have to use it all. Do you want to reserve some time? No. Okay. The microphone is just for recording. It doesn't amplify at all, so you've got to keep your voices up. Okay? Thank you. Thank you. May it please the Court. This case presents the Court with a fairly narrow issue, a jurisdictional issue, and that is whether the trial court had jurisdiction to revive the judgment against a long-defunct corporation. And the analysis requires statutory construction and dealing with two statutory limitation periods. One is contained in the Illinois Business Corporation Act of 1983, and the other one is the Illinois revival statute. This is, in my view, somewhat complicated, but in order to help everybody along, we know the judgment was entered in 2002. Correct. We know the corporation, your client, went out of business in 2002. And is it fair to say that the next thing that happened in this case was the judgment creditor tried to revive the judgment about 16 years later? In 2018. 16 years later, right? Right. So your contention is nothing's happened in 16 years since the judgment was entered? My contention is that the judgment went dormant, and it requires... Because nothing happened. Because nothing happened. Okay. Now, in your claiming that the Court had no jurisdiction over your corporate client because it's been out of business for 16 years or so. Because the client is nonexistent. Does not exist. Okay? Now, is it your contention that this revival action to get the judgment revived, is that a same proceeding as the original judgment, or is this a new proceeding? That is a question for the Court. What's your position? My position is that it doesn't really matter. Okay. Even if it's... And I believe there's a case now, and this Court has held, as other courts have held, that it is a continuation of the original proceeding. Okay. Not a new proceeding. So if it's a continuation of the original proceedings, to get the judgment revived, revival means it's been dormant, right? Correct. Correct? Correct. I'm just trying to get this moving, right? So how does one revive the judgment? Your client was entitled to service of process, correct? According to the revival statute. Right. And you're saying they were not properly served. We're not saying... What we're saying, they couldn't be served. Because they're... Because they're nonexistent. They don't exist. And the plaintiff here can't comply with the revival statute because there's no defendant to serve. Okay. Now, is it correct that Judge Brennan said, I'm going to allow the predator to serve the stockholder with the revival papers, and that will constitute good service on the dormant or the dissolved corporation? Correct. Okay. And what's wrong with that? My position is that the stockholder is no longer an agent of the corporation, no longer an officer of the corporation, and the corporation is a separate entity, and he cannot be served, or the corporation cannot be served with service on the former shareholder. Well, what's the effect? Assume Judge Brennan was correct, saying that the shareholder could be served, and that's effective against the corporation, correct? Correct. Where does that get everyone when your company has been dissolved for 16 years? We're not there yet, but that would be a question for the enforcement proceedings, because the corporation was dissolved and its affairs wound up in 2002. So you're trying to legally, effectively, lawyerly avoid the supplemental proceedings? We're trying to follow the statute, and our position is that according to the revival statute, the judgment stays dormant because it cannot be revived. Okay. It's as simple as that. It's a plain reading of the statute, which I believe leaves no exceptions to dissolve corporation. It does create a narrow exception in Subsection H against garnishment proceedings, but there's no such exceptions against dissolved corporations. So when you say the court had no personal jurisdiction over the corporation, is it your legal position in saying that, that the reason for that is, is that you cannot revive this old judgment? I'm trying to figure out where we're going with this and where you're going. We're saying that the court lost jurisdiction beyond once the corporation dissolved and five years thereafter by virtue of the survival statute. Lost jurisdiction over the corporation? Lost jurisdiction over the corporation. In order to revive the judgment, the court needs jurisdiction over the original parties. That is the holding of this court as of 2002 in Revolution Portfolio v. Bealy. There is no defendant to revive the judgment. There is no defendant to enforce the judgment. The Business Corporation Act provides the five-year survival period within which action against or by a corporation can be enforced. Well, but the word isn't enforced. It's commenced. Right, Section 1280 of the survival? Correct. It's commenced. But what happens after the five years when the corporation dissolved? But, I mean, they're not commencing. This isn't the commencement of a new action. This is the continuation of a cause of action, isn't it? It is a continuation against a dead corporation. Right. But it's a continuation of the same case. Correct. But that's what 1280 talks about, the survival against the dissolved corporation. For five years, we wouldn't even be talking about it if it was less than five years. Correct. But it says commenced. It must be commenced. Anyway, go ahead. That was very important, especially in light of the case, the federal court case cited by Selmark in its brief, which is a case from the Seventh Circuit, the Citizen Electric v. Bituminous by a marine insurance corporation. And it's very clear that if the action was commenced prior, within the five-year survival period, enforcement may proceed against the defendant or judgment. That case, however, is distinguishable from the case here before the court. You stated earlier, though, that to file an action to revive a judgment is a continuation. It's not the commencing of an action. It's the continuation of an action. Is that what you told us just a minute ago? Yes. Okay. So in this case, the new action is not being commenced. That simply filing a motion to revive a judgment is a continuation of the old case. Correct? Correct. But how does – if it's all law, assuming there is a continuation, and the courts appear to agree there is a continuation, it still doesn't comply with the revival statute. It still fails to go past the revival statute. They don't have jurisdiction because it can't revive this judgment. Because it cannot serve the defendant, yes. Okay. Now, the revival statute, the service says 1602C, it's pursuant to 106, and then 106 says it's pursuant to 105. So it's basically pursuant to 105. And 105 allows service, and this is, of course, typically when you seek additional relief against the party in default, but allows service in a number of ways. And the key is, it says in there somewhere, that it should be in compliance with due process, that the court has some level of discretion as to how the service and who is served. Doesn't it? Can't it? So wouldn't – was – forgive me for forgetting the name, but Mr. Merzinkus, was he the registered agent before? Mr. Matsoukis, he was the sole shareholder. Sole shareholder, but was he the registered agent, too? Just out of curiosity, yes. But so what is the problem with the court deciding that if he was served, that that would comply under Rule 105, that that would comply with the terms of what? What's the issue with that? The issue is that Rule 105 requires service on the defendant. In several portions it says, Subsection B1, by any method provided by law for service of summons, Subsection B2, by prepaid certified or registered mail address to the party, and subsection – and, again, Subsection B2, last phrase, state service is not complete until the notice is received by the defendant. Not by the – anyone else. Not by the former shareholder. There's no such exceptions in any statute. So you're saying that the fact that the judge said it's okay to serve the shareholder, that's not good service on your client, the corporation. That's your position. Our position is that it contradicts the statute. Okay. Let's assume you're wrong, okay, that it is good service. Now is your position is even if it's good service, the judgment from 2002 cannot be revived because it's dormant and, you know, nothing's happened. Is that your contention? Well, if it is good service, then the – no, if it was good service, then the statute would be satisfied. The revival statute would be satisfied because you would be served according to the statute and the statute is satisfied, so then the judgment can be revived. But that's contrary to the argument you actually made in your brief. Did you – did someone else write the brief? I mean, I don't mean to be offensive, but it's contrary to the argument that you've made. I did. You're saying that the – if it is good service, then it can be revived, but you also argue in your brief that it can't not be revived because the corporation had been defunct for more than five years. You also – I believe that you argue that it can't be revived because it had not been revived in the last seven years. Are those not the arguments you've made? I don't believe I made such arguments. The fact is that under the revival statute, the corporation can – a judgment can be revived within seven years or within 20 years after its entry. And the fact that nothing's happened in 16 years, that doesn't matter with respect to the judgment? In other words, you get a judgment. You don't do anything with the judgment for 16 years. Can you then revive it? You can revive it if you can serve it on a defendant and comply with the revival statute. Now, the argument that we can't serve the defendant because the corporation doesn't exist, well, wouldn't that totally do away with survival of a remedy after dissolution in the Business Corporation Act? In other words, three years after the corporation is dissolved, it doesn't exist, so you can't serve it. So what does this section mean that the cause of action survived? I'm sorry, which section are you referring to? 1280 of the Business Corporation Act, the survival section. Because my point is that every time a corporation is dissolved, isn't there no one to serve? Yes, there is. There's a Secretary of State, and for five years there's shareholders. I'm assuming that if this was commenced, if Mr. Matsoukis was served within five years, you would have preserved the judgment. I have to ask this question. You're here on behalf of Integrated Material Management, correct? Correct. Okay. All right. I understand there's a question that there's no legal precedent in MI that we found directly on point other than the case from the Civil Circuit, which deals with the garnishment proceedings, which deals with an active defendant, which deals with an active judgment. The defendant, in that case, was still in business. This is the insurance corporation, the Criminal Asylum Marine Insurance Corporation. In our case, the defendant is nonexistent. In that case, the judgment was active. In our case, the judgment went dormant and needs to be revived. So it's a very different case. So your arguments are that the corporation cannot be served simply because it does not exist. That is our argument. It cannot be served beyond the five-year survival period. And that's not what the statute says. The statute simply says that an action cannot be commenced beyond the five-year period. It doesn't say that a corporation can't be served or that there can't be a continuation of a previous action. It just said that the statute clearly says an action cannot commence. That is a new action. So in other words, if you had some sort of a contract issue with the corporation, and there was a written contract with a 10-year statute of limitations, five years after that corporation no longer exists, it's a fault, you cannot then commence an action against the corporation. Now, isn't that what the statute says? That is what the statute said. It cannot commence. That was the business corporation act. It cannot commence. It cannot commence. Correct. So if you told us from the very first question that Justice Pierce asked you that you don't believe this is a commencement of a new action, you believe that this is a continuation of an action, isn't that what you said earlier? In light of the decision from the Federal Circuit, yes, it is a continuation of an act, of the original proceedings. So then the language that you're reading from the business corporation act doesn't even apply. It does apply. That implies it must be read in conjunction with the reviver statute, which requires service, requires a certain procedure, which includes service on the defendant. The judgment becomes dormant and stays dormant if it cannot comply with the reviver statute. But with the corporation, you're not going to serve A, B, C company. It's not a person. You're going to serve either a registered agent or, in this case, they serve the sole shareholder of the corporation. So when you say you have to serve the defendant, when you serve a registered agent, you have served the defendant where there's a corporation. Agreed. It is the holding of this Court that the dissolution of a corporation is no different than the natural death of a person in its legal effect. And applying this logic or this rule to the reviver statute and the requirements of notice on the defendant, let's continue this analogy to a deceased person who can be served with notice of a reviver proceeding. The estate can be served until the estate is closed and the probate proceeding is over. But after the estate is distributed and the estate is closed, no one can be served. And the corporation can be served within the five-year period created by the corporation act. But it's the same with the reviver statute. The corporation can be served within the five-year statute, within the five-year period created by the corporation act. So your position, again, is that the trial court had no jurisdiction to enter the revival order because the defendant was never served. That's your argument, correct? Correct. Even though the trial court allowed someone who was the sole shareholder and also, according to your statement, the registered agent of the corporation to be served. The trial court allowed that. The former registered agent and the former shareholder. No longer a shareholder or an agent. I believe this, what it could be seen as a corporate liability question. And the statute provided for corporate liability to continue for five years. And if the legislator intended to create any exceptions, I believe it's up to the legislator to do so. But it didn't. It created one narrow exception with respect to garnishment. Again, once again, I'm repeating myself, and I'm excusing myself for that, in subsection H. But did not create any such exception for dormant judgments against these corporations. Okay. Thank you very much. Thank you. Can you take a second and just kind of go through the factual scenario for us here and take some time to do that? Sure. We have a full understanding, because we'll admit that the record, the briefs, everything is lacking. So if you could help us. Okay. Let's do that. On July 12th of 2001, a company known as Fiber Corp, the predecessor to Cellmark. Cellmark took an assignment of the judgment. So Fiber Corp filed suit against I.M.M.S. for breach of contract and for violation of the Illinois Deceptive Practices Act. On October 9th of 2001, I.M.M.S. appeared in the case and filed its answer to the Fiber Corp's verified complaint and brought a counterclaim for breach of contract. Parties then proceeded with discovery. Fiber Corp filed a motion for summary judgment on both its complaint and on I.M.M.S.'s counterclaim. On July 15th, 2002, the circuit court, Judge Henry, granted Fiber Corp's motion and entered summary judgment in Fiber Corp's favor on both the complaint and the counterclaim. On the complaint, Fiber Corp was awarded $707,073.57, trouble damages of $1,500 under Count II, which is the Deceptive Practices Act, and attorney's fees in connection with that count. So that's what happened there in terms of the lower level. On November 2nd of 2007, and after that judgment was entered, Fiber Corp did initiate, did serve Mr. Matsoukas as the sole owner and shareholder of I.M.M.S. with the Citation of Discovery Assets on August 19th, 2002. The case was placed on the bankruptcy stay calendar, and that's shown in the record at C-30. There was a bankruptcy that was filed. So on November 2nd, Fiber Corp assigns the judgment to Cellmark. November 2nd, 2007. Justice Pierce made the reference that Fiber Corp dissolved in 2002. Judge, it was in 2009, and that's in the record at 60-61. So what happens then on January 3rd of 2018, Cellmark moves Judge Brennan to reaffirm the judgment entered in Fiber Corp's favor. That's C-67-68. I was reaffirming and revising the same thing. Same thing. Okay. And that was brought under 216-01 of the code. And initially, the court granted it on that date. On February 1st of 2018, Cellmark issues a citation to Discovery Assets addressed to Mr. Matsoukas. And then on February 16th of 2018, Mr. Matsoukas moved to reconsider the granting of the motion to reaffirm. So on March 12th then, 2018, the circuit court granted Mr. Matsoukas' motion to reconsider and ordered Cellmark to serve its motion to reaffirm the judgment on to Mr. Matsoukas. In what capacity did Mr. Matsoukas move to reconsider the revival of the judgment? Withstanding that he had to do that. He didn't. But she did anyway. She did. Okay. He didn't. Things happen. Yes. Okay. So what happened then is that we complied with the court order and Mr. Matsoukas was served on April 4th, 2018, C-120-121. On April 25th, that's the key date, that's the key order in this case, the circuit court grants Cellmark's motion to reaffirm over Matsoukas' objection, which is the order C-145. Matsoukas then files two motions to reconsider. On May 15th, he filed a motion. And then that was denied by the court on June 11th of 2018. And what happened then is that in that order, Matsoukas' attorney wanted 304A language put in, which was denied by the court. Matsoukas then files another motion to reconsider with regard to the denial of the 304A language. That's what happened there. That's in C-191-194. So then on June 25th, 2018, the circuit court denies Matsoukas' motion to reconsider and gives, for the first time now, Mr. Edick then says, well, I represent IMMS and he wants to leave the file of a limited appearance, which the court allowed. Now, you don't have IMMS seeking to reconsider or appeal the order of April 25th. Nothing happened there. Didn't touch it. 30 days go by, didn't touch it. So what we then see is on June 25th of 2018 and on June 28th of 2018, IMMS files a motion and an amended motion to dismiss a motion that the court had already ruled on. It was already granted. It doesn't seek, and remember, it doesn't seek to consider anything with regard to that April 25th order, but brings a motion to strike the motion that was already granted. And then the court denied that on July 16th. That's at C-280. IMMS files its appeal on July 24th, which is C-281 to 282. It then sought to stay the citations to discover assets against Mr. Matsoukas, and that motion was denied on November 26th. So that's basically a summary of what went down here. But the motion that was brought on June 28th, 25th and 28th, that was a motion to dismiss for lack of personal jurisdiction. No. Well, but he says here, yeah, but he says a motion to strike the already granted motion to reaffirm the judgment. That's what it was. Yeah, right. But I'm just saying that was the motion. For lack of personal jurisdiction. Correct. And that was the first time IMMS filed a motion. Right. But I mean, post-judgment. Right. So, but what I'm getting at here is this. The argument that was presented to you is basically IMMS is saying that 12.80 of the Business Corporation Act is a statute of limitations. It's not a statute of limitations. We cite that in our brief. It is a survival statute. And therefore, that five-year rule doesn't constitute a statute of limitations. So, what I'm getting at is this. You don't have an argument, both, Justice Griffin, you mentioned about Supreme Court Rule 105, as well as under 2 verse 203.1 under the, you know, supplement, the additional service ability. The only thing it says here is that it has to comport with due process. You don't hear a due process argument being raised by IMMS. They were properly, it was properly served. You can't have a situation where this company, you say, oh, okay, well, we want to use as a shield the fact that we're no longer in business, even though, as I think all of you brought out, that here's your former registered agent and your former, you know, sole shareholder, sole officer, sole director. They got served. It was properly served. And Judge Brennan's order, there's nothing wrong with what she did. There was, she complied, she invoked 2-203.1, and that's what we were directed to do, and that's what we did. So, I don't see anything wrong with this. And I can't believe that you can argue that that survival statute somehow is transformed into a statute of limitations to preclude someone, preclude the entity from being served. Well, let's go back a couple steps. You've appeared in front of Justice Griffin and myself a number of times. I don't know about Justice Walker. Once. So you know our thought process might be a little bit different than yours. Thanks, Judge. That's a compliment. No, but it seems to me that if he, if the corporation is saying the court doesn't have personal jurisdiction because the corporation wasn't served, right? That's his argument. Right. Typically, wouldn't you have a hearing on, well, how did service come about and who did you serve and how did you do that? Right. Well, it seems to me all we have here is the fact that Judge Brennan entered an order allowing, hold on. Okay. I know you're chomping at the door. Okay. Allowing service to be effectuated by serving Mr. Matusan, right? Yes. Now, was that pursuant to a hearing or just conversation? It was 11 on that day, Judge. Okay. We come in on the 25th of April. Okay. Judge asked me. Mr. Alec was there. Okay. He asked me, was Mr. Matsoukas served? Yes. Mr. Alec admitted that he was served. The judge says I'm granting the motion then. Well, I accept that. I have no argument with that. But what if Judge Brennan had said, okay, serve Judge Pierce and that will constitute service on, no, just hypothetically. Okay. That will constitute service on the corporation. If some corporate representative came in later and said that's not good service, wouldn't a judge be required to hold a hearing as to why allowing Judge Pierce to receive the papers is good service on this corporation? Have a hearing and decide that's fine. That's an obstacle, you see. Right. And answer your question, the answer would be yes. Okay. But what happened here is who was served? Who was actually served? The former president, sole director, registered agent of the company. So that's a little bit different. Now, what does dormancy have to do with anything? Nothing. If you look at the statute, all right, if you look at the applicable statute, we have up to 20 years. You've got 20 years to enforce as judge. But it does use the term if it's dormant. What does dormant mean? So you have 20 years assuming you've served every seven years? It's good for seven years. And then what you have to do is you have to renew, okay, after those seven years. And as long as you do it between 7 and 20, you're good. So, but if you don't renew within seven years, then what happens? You have up to 20. 20 is the, so you. So let's see how it makes sense. It says that in order to revive a judgment, you must revive it within seven years. Correct? No, after seven years after it's entered. So after the entry, let's say after seven years, you haven't gotten, you haven't gotten satisfaction of your judgment. All right? So then the, you have to then come back to the circuit court. Within the seven years. No, no, you have between 7 and 20 years to do it. That's what the statute says, judge. And that's, then you can get a revival. We all agree the statute is not clear. Right here. Here's what it says. So annotate this for me as we go along. Okay. A judgment may be revived by filing a petition to revive the judgment in the seventh year after its entry. So was this judgment ever revived in the first seven years? No. Okay. Or in the seventh year after the last revival. So we don't have that here. We don't have that. Okay. Or in the 20th year after its entry, or any time within 20 years after its entry, if the judgment becomes dormant. So that's where the dormancy. Because my view of this is, as far as we know, nothing happened with this judgment for 16 years. Right? From its entry in 2002 until your attempt to revive it. Until it comes back in 18. In 18, yeah. So the question is, when I read all this pleadings, the term lack of personal jurisdiction, I took it to mean the judgment was dormant and was never revived, and how does all this work? And your position is it's a good judgment. It's a good judgment because let's say that you didn't do anything, or nothing was done. So let's say for 16 years it wasn't done. Right. So for 16 years it was there. Right. All right. And using the plain and ordinary meaning of dormancy, it was dormant. Okay. Yep. But the 20 years, 2022 is when this is, you know, you have up until 2022 to still seek enforcement of this judgment. And Selmark did it. Selmark complied. So Selmark is in compliance with 216.02. Selmark is in compliance with the Judge Brennan's order. Selmark is in compliance with 203.1. Selmark was in compliance with Supreme Court Rule 105 here. There is absolutely no basis to this appeal whatsoever. None. So what would be the point in the statute in requiring that a judgment be revived every seven years if you can just simply wait it out for the 20 years to revive it during the 19 years? Well, because, Judge, it reads in the alternative. It gives you alternatives. Okay. And that's what it says. So obviously I didn't legislate it. As an attorney, I followed. And therefore, it gives me... The court has interpreted it both ways. Yeah. I've seen it interpreted both ways. So we will ultimately need to make a decision on which way it really should be interpreted. Okay. Well, I think that... Is it possible to interpret it as you get an automatic revival in six years and you get an automatic revival seven years later, within the seven years, and if you do nothing for 20 years, you can get a revival if you serve the party? No, I think that it says for the first six years you don't have to do a thing because... Well, on the seventh. Yes. On the seventh year, I think that you then have to come in and you have to get it revived. Without notice. Huh? Without service. No. That's why I'm saying the alternative reading of that statute. No. Seven years, you can get an automatic revival. You don't have to serve anyone. Seven more years, same thing. But in 20 years, if you haven't done anything, it's dormant, nothing's happened. To get it revived, you need to go serve the debtor or whoever the court under 105 directs. Right. Right. Well, if I were you, I'd agree with me, too. Yeah. Well, let's get back to the other issue. Sure. The other issue here is that counsel is arguing that Judge Brennan did not have a right to revive the judgment against a defunct corporation. Okay. And I disagree. I disagree. And the argument is that it's because the corporation has been defunct for more than five years, and therefore you cannot commence an action against the corporation. Okay. Okay.   Okay.    And I disagree.   And I disagree.   If I'm going to have to give you a little bit of background, I'm going to have to give you a little bit of background. Because again, to dash, 12-.80 is not a statute of limitations. Except for 20 years. Well, that's a consecutive case. Okay. But it's not a statute of limitations. Now, Mr. Adams said, he made reference about the federal case that I cited in my brief. Okay. And that was the only one that he covered. I submit to the court, there is, the Illinois Appellate Court has handled, has addressed this. And I would cite to you the case of MGH Interiors versus Alternative Construction Solutions, which is a 2016 Westlaw. 439-8400. It's a 2016 decision entered by Justice Smith. It's a Rule 23 opinion. But I think it gives you insight. I know you can't cite it for authority, but I'm saying it gives you insight. And you have a situation dealing with supplemental proceedings because, as even Mr. Alec has conceded, that this is a supplemental proceeding. It was not a, it wasn't commencing a new proceeding. That even though the five years had lapsed, you still, the party was still able to go ahead and proceed with the enforcement proceedings, the supplemental proceedings, even though it was after the corporation in question had been dissolved from within five years. Can we interpret that differently? There's still another issue out there, and the issue is, what did IMMS do after the judge did revive the judgment against IMMS? And the motions were filed, but Justice Crisray's issue with you regarding the standing of that party to be able to file those motions. IMMS didn't come in until much later in the game. So what's your argument as to what rights they had to ask that the revival be taken or vacated? As I indicated in the brief that we filed, my belief is that you should have, if you're going to do anything, you should have attacked the April 25th order. You didn't. You just came in. The April 25th revival order. Revival order, 2018. But you could attack personal jurisdiction at any time, right? But you're not dealing, the answer's yes to your question, Judge. But the point is, is that what rose the red flag with me is when you bring a motion to strike a motion that's already been decided, it just, I've never seen it. I've never seen someone do that. You know, I could see you attack a order that was entered regarding that motion, but it's already been decided by the court. And then, because, you know, they're saying, well, we go ahead and they didn't do anything for 30 days. I understand what you said, Justice. But the point is, you didn't do anything. You waited. You waited. You waited. You used Matsoukas to do your work for you, and now here you come in. And, no, you know, there's nothing improper here. There really was nothing improper. Judge Brown did nothing improperly here. And for those reasons that I've explained to you, I request that her judgment be, her order be affirmed by this court. If you have any other questions, I'd be glad to answer. Okay. Thank you very much. Appreciate all your work. Thank you. Thank you. And you'll be hearing from us soon, then. Thank you. Thank you. Did you want to? No. He said he didn't want any. He said he was taking the full 20 and he didn't. Do you have anything to add? 30 seconds. Go. Thank you, Justice. Thank you, Honors. The important dates are the dates of the judgment, which was entered July 15, 2009. Judgment went dormant on July 15. Judgment was entered July 15, 2002, went dormant seven years later, July 15, 2009. What Solomark could have done to preserve this judgment and preserve enforcement thereof, it should have revived the judgment pursuant to the statute within seven years after its entry, and then seven years later, 14 years. And that would have been the continuation of the proceeding referred to and that the Justices questioned me about, and then the judgment would have been good and enforceable. It's fair to do that. Thank you. Thanks. Okay, thanks. You'll be hearing from us. Thank you.